UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST C. WOODS, II,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>RON BROOMFIELD, Warden,<br><br>　　　　　　　　　　Respondent. | Case No.: 21-cv-1391 JLS (DEB)<br><br>**ORDER: (1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE; AND (2) DENYING AS MOOT MOTIONS AND REQUESTS FOR JUDICIAL NOTICE WITHOUT PREJUDICE**<br><br>**[ECF Nos. 1–4, 6]** |

　　　Petitioner Earnest C. Woods, II ("Petitioner") is a state prisoner confined at San Quentin State Prison ("San Quentin") who is proceeding pro se with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 that challenges his parole board hearing denials, the conditions of his confinement, and his underlying 1987 criminal conviction. *See* ECF No. 1 ("Pet."). He has paid the $5.00 filing fee. *See* ECF No. 1-2. Petitioner also has filed a motion for appointment of counsel and expert witness (ECF No. 2) and two requests for judicial notice (ECF Nos. 3, 6) and moves for an evidentiary hearing (ECF Nos. 4, 6). For the reasons discussed below, the Court **DISMISSES WITHOUT PREJUDICE** the instant action and **DENIES AS MOOT** Petitioner's motions and requests for judicial notice **WITHOUT PREJUDICE**.

**CLAIMS CHALLENGING PAROLE BOARD DETERMINATION**

A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). Petitioner's state court conviction occurred in San Diego County Superior Court, which is within the jurisdictional boundaries of the United States District Court for the Southern District of California. *See* 28 U.S.C. § 84(d). Petitioner is presently confined at San Quentin, located in Marin County, which is within the jurisdictional boundaries of the United States District Court for the Northern District of California. *See* 28 U.S.C. § 84(a). Thus, habeas jurisdiction potentially exists in both the Southern and Northern Districts.

Petitioner contends that the instant Petition challenges his parole board hearing denials, *see* Pet. at 1, 4–5, with the most recent denial appearing to have taken place in 2019, *see id.* at 16, and raises several claims alleging federal constitutional violations arising from the parole board's decisions in his case, *see id.* at 7, 10–12, 14, 16, 18. When a habeas petitioner is challenging a parole board determination, the district court of the district in which the petitioner is confined is a more convenient forum because of the accessibility of evidence, records, and witnesses. Thus, it is generally the practice of the district courts in California to transfer habeas actions challenging parole determinations to the district of confinement. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought."); *see also Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989) ("The proper forum to challenge the execution of a sentence is the district where the prisoner is confined."). With respect to Petitioner's parole board hearing claims, that forum is the Northern District of California.

However, as discussed below, because the instant Petition also contains claims challenging Petitioner's 1987 conviction and sentence, which appear subject to the

statutory provisions concerning second or successive habeas applications, the Court declines to transfer the instant case. Instead, the Court finds it is appropriate to dismiss this case without prejudice to Petitioner raising his parole claims (as well as any contentions concerning alleged actions by San Quentin prison officials, discussed below) in the Northern District of California.

## CLAIMS SUBJECT TO GATEKEEPER PROVISION

To the extent Petitioner is also challenging his 1987 conviction and sentence, the instant Petition is not the first Petition for Writ of Habeas Corpus Petitioner has filed in this District challenging the same 1987 conviction and sentence in San Diego County Superior Court case number CR 83908. On August 27, 1991, Petitioner filed in this District a Petition for Writ of Habeas Corpus challenging his 1987 conviction and sentence of 17 years to life in San Diego Superior Court case number CR 83908. *See* ECF No. 1, Civil Case No. 91cv1175 H (HRM) (S.D. Cal.). On June 26, 1992, the court denied that petition on the merits. *See* ECF No. 12, Civil Case No. 91cv1175 H (HRM) (S.D. Cal.). On October 29, 1992, the Ninth Circuit denied Petitioner's request for a certificate of probable cause. *See* ECF No. 17, Civil Case No. 91cv1175 H (HRM) (S.D. Cal.) (copy of Ninth Circuit order). On May 20, 2004, the Ninth Circuit denied Petitioner's application for authorization to file a second or successive section 2254 petition in this District with respect to that conviction. *See* ECF No. 19, Civil Case No. 91cv1175 H (HRM) (S.D. Cal.) (copy of Ninth Circuit order); *see also* Order in *Woods v. Borg*, No. 04-71661 (9th Cir. 2004). The Court takes judicial notice of these prior filings and orders. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").

///
///
///
///
///

In the instant Petition, Petitioner again raises several claims challenging the same 1987 conviction and sentence.[1] *See e.g.*, Pet. at 6, 15. Petitioner acknowledges that this is not his first federal petition for a writ of habeas corpus challenging his 1987 conviction in San Diego Superior Court case number CR 83908 and acknowledges a prior federal petition challenging that conviction was denied on the merits. *See id.* at 5. While Petitioner asserts that "[t]his petition is based on a Board of Prison Hearing denial, an administrative decision on his sentence," *id.*, Petitioner also indicates that one or more of the same issues presented in the instant Petition were raised in his prior federal petition, *see id.* "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding that a petition is "second or successive" where the petitioner challenges "the same custody imposed by the same judgment of a state court" as in a prior petition).

Even were Petitioner able to demonstrate that the instant Petition falls within the statutory provisions allowing for permission to file a second or successive habeas petition, *see* 28 U.S.C. § 2244(b)(2)(A)–(B), Petitioner still first must obtain authorization from the Ninth Circuit to file a petition in this District, *see* 28 U.S.C. § 2244(b)(3)(A); *see also Morales v. Sherman*, 949 F.3d 474, 476 (9th Cir. 2020) (per curiam) (recognizing that 28 U.S.C. § 2244(b)(3)(A) is "a provision that bars district courts from entertaining a second or successive petition unless its filing has first been authorized by the court of appeals"). In the instant case, Petitioner indicates he has not obtained permission from the Ninth

---

[1] This is far from the first time Petitioner has attempted to challenge his 1987 conviction and sentence in a petition dismissed as successive. *See, e.g.*, ECF No. 3 at 2 n.1, Civil Case No. 16-CV-1453 CAB (NLS) (S.D. Cal.) (dismissing habeas petition as successive and citing to five prior petitions filed between 2004 and 2015 challenging that conviction that also were dismissed summarily as successive).

Circuit to file a second or successive petition, *see* Pet. at 5, and the Court's review of the Ninth Circuit's electronic docket similarly fails to reflect that Petitioner has obtained such permission from the Ninth Circuit.[2]  Accordingly, to the extent Petitioner raises claims challenging his 1987 conviction and judgment, this Court lacks jurisdiction to consider the instant Petition.

## CLAIMS CHALLENGING ACTIONS OF PRISON OFFICIALS

Petitioner also contends his Eighth Amendment rights were violated "based on CDCR being deliberate [sic] indifferent to his health and safety due to Covid-19" and specifically asserts that "prison officials endangered his health in the outbreak of Covid-19 at San Quentin" by way of cell moves, filing rule violation reports against Petitioner for refusing to be housed unmasked with a prisoner who tested positive, pushing back Petitioner's parole suitability hearing, obstructing his attempts to exhaust administrative remedies, and causing or worsening his medical conditions.  *See* Pet. at 19.

Upon cursory initial review, it is unclear whether these claims fall under habeas corpus or 42 U.S.C. § 1983.  While Petitioner appears to advance some challenges to the conditions of his confinement which must be brought, if at all, in a civil rights complaint filed pursuant to section 1983, Petitioner also asserts a delay of his parole suitability hearing, which could fall within the ambit of habeas corpus to the extent it impacted or impacts the fact or length of his custody.  *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."); *see also Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc)

---

[2]  A review of the Ninth Circuit's docket instead appears to reflect multiple instances in which the Ninth Circuit has denied Petitioner permission to file a second or successive petition in this district.  *See, e.g.*, ECF No. 2, Case No. 14-73404 (9th Cir.); ECF No. 6, Case No. 16-73651 (9th Cir.); ECF No. 2, Case No. 18-70070 (9th Cir.); ECF No. 3, Case No. 18-72947 (9th Cir.).

("[W]e hold that if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983.") (quoting *Preiser*, 411 U.S. at 487; *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011)).

Because Petitioner is currently confined at San Quentin and alleges that the events at issue took place at that same institution, *see* Pet. at 1, 19, which is within the jurisdictional boundaries of the Northern District of California, the Court concludes the proper venue for this challenge is the Northern District regardless of whether these claims ultimately fall within the core of habeas corpus or section 1983. *See* 28 U.S.C. § 1391(b) ("A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."); *see also Dunne*, 875 F.2d at 249 ("The proper forum to challenge the execution of a sentence is the district where the prisoner is confined."). Again, because several of the claims presented in the instant Petition appear subject to the statutory provisions concerning second or successive habeas applications, the Court declines to transfer the instant case and finds dismissal without prejudice appropriate. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought.").

## CONCLUSION

In light of the foregoing, the Court **DISMISSES** this action **WITHOUT PREJUDICE**. To the extent Petitioner wishes to challenge the length or duration of his confinement based on a challenge to his parole board determination, he may file a 28 U.S.C. § 2254 Petition in the Northern District of California. To the extent Petitioner

wishes to pursue claims concerning the conditions of his confinement at San Quentin, he must file a new civil rights action pursuant to 42 U.S.C. § 1983 in the Northern District of California.  To the extent Petitioner is attempting to raise claims challenging his 1987 conviction and sentence in San Diego Superior Court Case No. CR 83908, because there is no indication that the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition, this Court cannot consider those aspects of the Petition.  Petitioner is not precluded from filing a petition in this Court challenging his 1987 conviction and sentence in this Court if he first obtains the necessary order from the Ninth Circuit Court of Appeals.

   Because this action is dismissed without prejudice, the Court **DENIES AS MOOT** Petitioner's motion for appointment of counsel and expert witness (ECF No. 2), requests for judicial notice (ECF Nos. 3, 6), and motions for an evidentiary hearing (ECF Nos. 4, 6).  Said denials are also **WITHOUT PREJUDICE**.  The Clerk of the Court **SHALL CLOSE** the file.

   **IT IS SO ORDERED.**

Dated:  October 27, 2021

                 *Janis L. Sammartino*
                 Hon. Janis L. Sammartino
                 United States District Judge